**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK_____X**

ABDULLAH MUHAMMAD

                       Plaintiff,

      **-against-**

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER, MATTHEW HUGHES, Shield No. 31491,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER, BRADLEY KUCYK, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY, POLICE OFFICER ROBERT UHL,
IN HIS INDIVIDUAL, AND OFFICIAL CAPACITY.
POLICE OFFICER, LT. THOMAS KELLY,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, AND
POLICE OFFICERS JOHN DOES 1-5, IN THEIR INDIVIDUAL
AND OFFICIAL CAPACITY AS POLICE OFFICERS OF THE
CITY OF NEW YORK.
                       Defendants.
_____X

                                 **ECF**
                           **Case No. 17 CV 5166 (LAK)**

                         **AMENDED COMPLAINT**

                         **Jury Trial Demanded**

    Plaintiff by his attorney, Welton K. Wisham, of The Law Office of Welton K. Wisham, alleges upon information, and belief, the following against Defendants, The City of New York, The New York City Police Department, Police Officers Matthew Hughes, Bradley Kucyk, Robert Uhl, Lt. Thomas Kelly, and John Does 1-5, all of whom are believed to be assigned to the 28th police precinct located in New York City, New York.

## JURSIDICTIONAL STATEMENTS

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343, 42. U.S.C Section 1983. This action arises under the Fourth and Fourteenth Amendments to the Constitution of the United States.

## VENUE

2.  Under 28 U.S.C. Sec. 1391(b), venue is proper in the Southern District of New York because the events giving rise to the plaintiffs' claims occurred in this Judicial District.

## **PRELIMINARY STATEMENT**

3.   This is an action seeking to redress the deprivations by the defendant of his rights secured to the plaintiff by the Constitution of the United States and laws of the State of New York. The plaintiff was stopped, detained, harassed, beaten and arrested, and falsely charged with assaulting four New York City Police Officers.

4.   Plaintiff was arrested and physically assaulted by the Defendant police officers for driving a dirt bike on the streets of New York without a license, helmet, or headlights.

5.   All charges stemming from Plaintiff's arrest were favorably dismissed.

6.   The defendant police officers of the New York City Police Department physically abused, harassed, embarrassed, and conspired against the plaintiff by filing false police reports in an effort to secure felony convictions against the Plaintiff, most namely, assault on police officers in the 2nd degree knowing that the chargers were false.

7.   Plaintiff alleges that the City of New York is liable for the wrongful acts committed against him by the defendant police officers because the City has tolerated and permitted a pattern of illegal stops, assaults and detainments on minority persons and has failed to maintain a proper system for reviewing these activities by police officers with the result that police officers of the City of New York are encouraged to believe that they can violate the Constitutional rights of African Americans and other minorities with impunity.

8.   Plaintiff Abdullah Muhammad is a forty-year-old African American male and citizen of the United States of America residing in the State of New York, City of Yonkers, and County of Westchester.

9.  This action arises out of Defendants' role in the malicious prosecution of the Plaintiff, and the Defendant's, extreme, unnecessary, unreasonable and excessive use of force against Mr. Abdullah Muhammad on April 18, 2015, during the course of his arrest.

10.  That on April 18, 2015, at approximately 8:40 P.M. near the vicinity of 156 West 119th Street, New York City, New York, Plaintiff Muhammad was riding his dirt bike towards Seventh Ave., in the City of New York.

11.  That as Mr. Muhammad turned the corner of Seventh Avenue, he saw his friend Camron Diaz, who got on Mr. Muhammad's bike near West 120th Street.

12.  As Plaintiff drove towards West 119th Street, Camron Diaz jumped off the dirt bike and began to run down the street as a police officer gave chase.

13.  Plaintiff continued to ride his bike along West 119th Street when suddenly a large man in plain clothes jumped on top of Mr. Muhammad as the dirt bike was moving and tackled Plaintiff to the concrete.

14.  Plaintiff fell to the ground face forward alongside his bike as this unknown white male police officer landed on Plaintiff's back and began to yell "give me your fucking arm"!

15.  That the man who tackled plaintiff to the ground was an undercover New York City police officer.

16.  That the officer failed to identify himself as a police officer.

17.  That the officer continued to grab plaintiff's arms as plaintiff lay on the street with his face pointing towards the ground while several officers began to repeatedly beat Mr. Muhammad throughout his face and body.

18.  That defendant police officers beat Mr. Muhammad with their fists as he lay helplessly on the ground begging god for help.

3

19.   That one of the defendant police officers threatened to break Plaintiff's arm as Plaintiff was on the ground tossing, and turning away from the blows to plaintiff's face being thrown by the defendant police officers.

20.   That the defendant officers repeatedly punched Plaintiff in his face while plaintiff lay defenseless on the ground tossing and turning in an attempt to avoid the physical assault on him by the Defendants.

21.    Plaintiff was shocked by the unwarranted actions of the police officers and feared for his life as the officers continued to pummel him throughout his face and body.

22.    Mr. Muhammad was placed in handcuffs and taken to the 28th police precinct in need of medical attention for the injuries he sustained due to the defendants unreasonable, and brutal use of force without legal justification.

23.    That Mr. Muhammad complained repeatedly to the arresting police officers that the handcuffs were too tight and was causing him pain.

24.   The arresting officers ignored Mr. Muhammad's pleas and kept the handcuffs tightly bound around Plaintiff's wrists.

25.   Mr. Muhammad was not resisting arrest nor was he fighting with the defendant police officers as claimed by the Defendant officers in charging the Plaintiff with assault in the second degree, and resisting arrest.

26.   That Mr. Muhammad was caused to suffer extreme pain and suffering as a direct result of the vicious, violent, and unlawful  actions described herein by the defendant police officers.

27.   That the force exhibited by the individual police defendants upon Mr. Muhammad was extreme, unreasonable, and unnecessary.

28.  That Plaintiff was arrested, and charged with fourteen (14) distinct charges all of which were dismissed.   These counts included two felonies, three Misdemeanors, One Violation and eight Infractions of the New York Vehicle and Traffic Law as set forth below:

1.  PL 120.05(03) Assault 2nd degree with Intent to cause Physical Injury to Officer

2.  PL 120.25 Reckless Endangerment 1st degree

3.  Resisting Arrest

4.  Obstructing Governmental Administration 2nd degree

5.  Reckless Driving

6.   Disorderly conduct – Fighting-Violent Behavior

7.  Operation of Motor Vehicle without Insurance

8.  Equipment Violation – No Headlights

9.  Equipment Violation – No Signals/Flashers

10. Motorcycle Helmet violation

11. Inadequate Lights on a Motor cycle

12. Failure to Attach Sticker to Motor Vehicle

13. Operation of Unregistered Motorcycle

14. Motor Vehicle License Violation – No License

29. That the Defendant police officers knew that Plaintiff was not resisting arrest.

30.   That Plaintiff had not punched nor kicked officer Uhl, officer Kucyk, or Lt. Kelly or any other officer involved in Mr. Muhammad's arrest on April 18, 2015.

31.   That all 14 charges against Mr. Muhammad were favorably dismissed on October 22, 2015, by motion by the prosecution.

32.   That Plaintiff sustained multiple significant injuries to his face, arms, nose, and forehead due to the unlawful actions by the Defendant police officers.

33.   Abdullah Muhammad's nose was fractured by the defendant officers due to the unrelenting excessive force inflicted upon the plaintiff during the officer's stop of the Plaintiff for violating the Vehicle and Traffic Laws set forth above.

34.   That Plaintiff was taken to Harlem Hospital Center on April 18, 2015, in handcuffs and placed on a stretcher.

35.   Mr. Muhammad was also treated for abrasions to his right elbow area and abrasions below his left eye and swelling to his forehead.  Mr. Muhammad's nose was broken by the Defendants during the defendant's unreasonable seizure of the Plaintiff.

36.   That an independent witness who videotape the incident on April 18, 2015, fails to show Plaintiff kicking or punching any police officer as falsely claimed by the Defendants.

## PARTIES

37.   Plaintiff Abdallah Muhammad is a forty year old African American resident of the City of Yonkers, State of New York.

38.   That at all times relevant herein, Defendants Police Officers Matthew Hughes, Bradley Kucyk, Thomas Kelly, Robert Uhl, and John Does 1-5 were duly appointed, and acting as employees of the New York City Police Department.

39.   That the defendant police officers named herein, are current members of the New York City Police Department assigned to the 28th police precinct located in New York City, New York.

40.   That the individual police officers involved in the incident underlying this lawsuit were at all times mentioned in this complaint, agents, servants, and employees, acting within the scope of

their employment by Defendant City of New York, and were duly appointed police officers in the New York City Police Department acting within their individual, and official capacity, and under color of law, that is under color of law of the Constitution, statutes, laws, charter, ordinances, rules, regulations, custom and usages of the State of New York, and the City of New York.

41.   That the Defendant, City of New York, is a municipal corporation within the State of New York. Pursuant to Section 431 of its Charter, the City of New York has established and maintains the New York City Police Department as a constituent department or agency.

42.   That at all times relevant hereto, the City of New York employed the defendant Police Officers involved in this incident.

## NOTICE OF CLAIM

43.    That on or about June 9, 2015, and within ninety days after the cause of action herein accrued, there was served upon the City of New York, a Verified Notice of Claim, which set forth the nature of this claim herein, including the time and place where the incident occurred, and the nature of and extent of the injuries sustained by the plaintiff.

44.   That said verified notice of claim was duly served upon the municipal defendants within ninety days after the occurrence of said incident as set forth herein.

45.   That said notice of claim was duly acknowledged as received by the City of New York.

46.   That City of New York failed to satisfy the claimant's demands causing claimant to file this action.

47. That more than thirty (30) days have elapsed since the Verified Notice of Claim and intention to sue defendants was served and that no adjustment or payment has been made.

48.  The defendants have wholly refused and neglected to make any adjustment or payment thereof.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS
ON BEHALF OF ABDULLAH MUHAMMAD FOR UNREASONABLE USE OF FORCE
IN VIOLATION OF THE FOURTH AMENDMENT TO THE CONSTITUTION OF THE
UNITED STATES AND UNDER 42. U.S.C. SECTION 1983.**

49.  That plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered "1" through " 48", with the same force and effect as though more fully set forth at length herein.

50.  That at all time herein mentioned and upon information, and belief, the Defendant Police Officers Matthew Hughes, Bradley Kucyk, Robert Uhl, Thomas Kelly and John Does 1-5 were, and still are, of the New York City Police Departments assigned to the 28th police precinct.

51.  That at all time herein mentioned the defendant, City of New York, maintained, operated. and controlled the Police Department within the City of New York.

52.  That at all time hereinafter mentioned the defendant, City of New York, employed police officers in its police force.

53.  That at all times hereinafter mentioned the police officers were and still are employed by the City of New York, acting as servants, agents, and/or employees of the defendant City of New York, and were acting within the scope of their employment.

54.  That the defendants, their agents, servants, and/or employees, intentionally, and without legal justification, unlawfully, and unreasonably seized by Abdullah Muhammad.

55.  That at all time herein mentioned Mr. Muhammad was unreasonably seized by the Defendant police officers.

56  That at all times herein mentioned, the plaintiff Abdullah Muhammad was thrown off his dirt bike as the dirt bike was moving and repeatedly beaten in his face, and body, by defendant

police officers Matthew Hughes, Bradley Kucyk, Robert Uhl and Thomas Kelly as well as John Does 1-5 who were members of the  New York City Police Department of the City of New York, who were agents, servants and/or employees of the defendant, City of New York, and who were acting under and within the scope of their employment at the time of the incident complained of herein, without reasonable justification.

57.  That at all times herein mentioned, the Plaintiff was not resisting arrest nor was the Plaintiff punching or kicking the Defendant during the course of his arrest.

58. That during plaintiff's arrest the Defendants assaulted, and subjected the Plaintiff to public humiliation and personal degradation, abuse, emotional distress, trauma, embarrassment, ridicule, scorn, and the use of excessive force for no apparent reason, and without legal justification, slammed Plaintiff to the ground causing Plaintiff significant, and severe, physical and emotional injuries.

59. That as a result of the intentional and brutal violence inflicted upon the Plaintiff by the Defendants' unreasonable use of force, which resulted in a broken nose to the Plaintiff, Mr. Muhammad was caused to have suffered severe physical, and emotional distress, trauma, humiliation, embarrassment, ridicule, scorn and was deprived of his right to be free from unreasonable  and unnecessary use of force under the Fourth Amendment to the Constitution of the United States, and under Article 1 Section 12 of the Constitution of the State of New York.

60. That the excessive force inflicted upon the plaintiff by the defendant police officers constituted a malicious act, and was a wanton and reckless degradation of the plaintiff's liberty.

61. On April 18, 2015, at approximately 8; 40 P.M. in front of 156 West 119th Street, New York, New York, plaintiff was thrown off his dirt bike and brutally beaten by defendant officers,

Matthew Hughes, Bradley Kucyk, Robert Uhl, Thomas Kelly and John Does 1-5 during the course of plaintiff's arrest for violating riding a dirt bike.

62.   Plaintiff was harassed, beaten, arrested, ridiculed and humiliated by the defendant police officers who use extreme, excessive, and unreasonable force during plaintiff's arrest.

63.   Plaintiff Muhammad was punched throughout his face and body causing significant physical injuries to the Plaintiff by the unlawful use of force by the defendant officers without provocation and without legal justification.

64.   Mr. Muhammad was taken to Harlem Hospital in a stretcher by the defendant police officers where he received medical treatment for a broken nose, swelling to his face and neck and back pain caused by the Defendant's unreasonable, unnecessary, and excessive use of force.

65.   Plaintiff was treated for trauma, abrasions and lacerations over his head, body and nose eyes all of which were caused by the wrongful actions of the defendant police officers.

66.   Plaintiff was caused to suffer great physical pain and suffering and to undergo medical care and treatment, suffered bruises and contusions and lacerations to his body, and permanent disfigurement to his nose.

67.   Mr. Muhammad suffered loss of blood, pain, and feared for his life due to the unlawful violence inflicted upon him by the defendants.

68.   Plaintiff lost the ability to enjoy life, liberty and his pursuit of happiness.

69.   Plaintiff was deprived of his rights secured to him under the Constitution and laws of the United States and the State of New York including but not limited to his rights under the First, Fourth and Fourteenth Amendment of the Constitution of the United States and his right to be free from unreasonable search and seizure and from excessive and unreasonable force and the right to be free from punishment without due process of law.

70.  Defendants have employed a gross abuse of power, unfair procedures and gross disparate treatment in their treatment of plaintiffs due to his race as an African American in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

71.  Defendant police officers acting in their individual and official capacity and under color of law, conspired together and with others and reached a mutual understanding to undertake a course of conduct that violated plaintiff's equal protection rights under the law and the privileges and immunities thereof.

72.  As a direct and proximate result of the conspiracy between defendant police officers, plaintiff was unreasonably beaten, attacked, assaulted, and battered in violation of plaintiff's rights under the Fourth and Fourteenth Amendment to the Constitution of the United States.

73.  The force used in arresting the plaintiff was extreme, excessive, unnecessary and unreasonable.  As a consequence thereof, Abdullah Muhammad has been greatly injured.

74.  This action is being brought pursuant to 42. U.S.C. Section 1983 based on the Fourth Amendment right to be free from unreasonable seizures, including Mr. Muhammad's right to be free from unreasonable use of force.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF
OF THE PLAINTIFF AGAINST DEFENDANT CITY OF NEW YORK FOR
DEFENDANT'S NEGLIGENT HIRING, SUPERVISION, TRAINING AND
<u>RETENTION OF OFFICERS UNDER 42 U.S. SECTION 1983</u>**

76. That the plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered "1 through "75" with the same force and effect as though more fully set forth at length herein.

77. That at all times hereinafter mentioned the police officers involved in the incident complained of herein were negligently hired, and or trained, supervised, retained and or disciplined by the City of New York.

78. That the acts complained of herein resulted from the defendant City of New York, through its agents, servants, and employees, breaching its duty to properly assign, train, supervise or discipline its laws enforcement personnel, including assigning, training, supervising or disciplining individual police personnel who unlawfully arrested, detained, used unreasonable and unnecessary force against Abdullah Muhammad and who further engaged in Plaintiff's malicious prosecution.

79. The defendant City of New York's failure to properly assign, train, supervise or discipline its police offices including the police officers involved in this incident herein, constitutes acquiescence in and tolerance of ongoing unconstitutional arrests and detentions, which allowed the defendants to believe that they could with impunity, beat and abuse and submit false charges against the Plaintiff.

80. By reason of the foregoing, the individual defendants individually, and through defendant's agents, servants, and employees failed, and refused to use such care in the performance of their duties as a reasonably prudent law enforcement employee would have used under similar circumstances.

81. As a consequence thereof, the Plaintiff has been greatly injured.

82. Because of the acts alleged herein, the failure of the City of New York to discipline the defendants, and the continued employment of the defendants, presents a clear, and present danger to the citizens of the City of New York.

83.  That by reason of the foregoing, the plaintiff and has suffered great mental distress and has been greatly injured thereby.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF ABDULLAH MUHAMMAD AGAINST DEFENDANTS FOR MALICIOUS PROSECUTION UNDER NEW YORK STATE LAW AND UNDER 42 U.S. CODE SECTION 1983.**

84.  That the plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered "1" through "83", with the same force and effect, as though more fully set force at length herein.

85.  That the defendants, City of New York, by their agents, servants and employees including but not limited to defendant Police officers Matthew Hughes, Bradley Kucyk, Robert Uhl and Thomas Kelly in addition to the unknown John Does 1-5, were acting within the scope of their employment, and who falsely, and maliciously, without probable cause, charged the plaintiff with Assaulting the Defendant officers by punching and kicking them during the course of Plaintiff's arrest, and resisting arrest, charges which the Defendant's conspired to form the bases of a wrongful and malicious prosecution for which Defendants knew plaintiff had not committed.

86.  That nevertheless, defendants sought plaintiff's confinement, and prosecution.

87.  That all the charges against the plaintiff were terminated in favor of the plaintiff.

88.  That by reason of the foregoing, the plaintiff has been injured and has suffered great emotional and mental distress, and has been greatly injured.

**AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFENDANT CITY OF NEW YORK, UNDER RESPONDEAT SUPERIOR.**

89.  That plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered " 1" through "88", with the same force and effect as though more fully set forth at length herein.

90. That the City of New York, and the New York City Police Department, hired, and supervised, the individually named Defendants.

91. That Officers Hughes, Kucyk, Uhl, Kelly, individually and collectively, committed the wrongs stated herein while acting within the scope of their duties as employees of the City of New York and the New York City Police Department.

92. Officer Thomas Kelly outranked other individual Defendants who participated in the unlawful acts stated herein against Plaintiff Muhammad.

93. That Officer Kelly had supervisory authority over those offices that he outranked.

94.  As a result the City of New York and The New York City Police Department are liable for the unlawful acts of their employees, and subordinates, under the doctrine of respondeat superior.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS.

95.  That plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "94", with the same force and effect as though more fully set forth herein.

96. That defendant police officers were presents on April 18, 2015, at the alleged time and place whereupon plaintiff Abdulla Muhammad was severely assaulted, beaten and battered repeatedly during the course of his arrest.

97. That the defendant police officers failed to intervene, protect against or prevent the ongoing constitutional violations or to remedy the wrongful actions of each defendant police officers against the plaintiff.

98. That defendant police officers participated in the unlawful use of force against the plaintiff.

99. That during all times mentioned throughout this complaint, the defendants acted jointly and in concert with each other in violation of the plaintiff's constitutional rights.

14

100. Each defendant police officer had the duty and the opportunity to protect plaintiff from the unlawful actions of the other defendants but each defendant police officer failed and refused to perform such duty, thereby proximately causing the plaintiff's injuries.

**WHEREFORE**, Plaintiff demands judgment and relief against Defendants jointly and severally as follows:

A. Awarding Plaintiff compensatory damages in an amount that is fair and equitable to be fixed at trial.

B. Awarding punitive damages to Plaintiff in an amount that would punish Defendants for the willful, wanton, reckless and malicious misconduct alleged in this Complaint that would effectively deter Defendants from future civil rights violations and other unlawful behavior in an amount to be determined at trial.

C.  An award to plaintiff of the costs and disbursements herein.

D. An award of reasonable attorney fees under 42 U.S.C. Section 1988.

E. Granting such other and further relief as this Court may deem just and proper.

Dated;   December 23, 2017
      New York, New York

/s/ Welton K. Wisham (8674)
The Law Office of Welton K. Wisham
43 West 43rd Street, Suite 95,
New York, New York, 10036-7424
Attorney for the Plaintiff
(212) -709-8183 office
(718) -678-8062 fax
Email: wkwisham@optonline.net

Enclosures/

By ECF:
Zachary Russell Bergman
Assistant Corporation Counsel
Special Federal Litigation Division
New York City Law Department
(212) 356-5051

zbergman@law.nyc.gov
Aubrey Ward
Law Office of Aubrey Ward
400 East 161st Street
Bronx, NY 10451
(718) 676-6033