UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

ABDULLAH MUHAMMAD,

              Plaintiff,

    -against-                                    17-cv-5166 (LAK)

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
MATTHEW HUGHES, SHIELD NO. 31491 in his
individual and official capacities, POLICE OFFICER
BRADLEY KUCYK, in his individual and official
capacities, POLICE OFFICER ROBERT UHL, in his
individual and official capacities, POLICE OFFICER
LT. THOMAS KELLY, in his individual and official
capacities and NEW YORK CITY POLICE
OFFICERS JOHN DOES 1-5, in their individual and
official capacities,

              Defendants.

------------------------------------x

**MEMORANDUM AND ORDER**

Lewis A. Kaplan, *District Judge.*

        The matter is before the Court on defendants' motion for summary judgment.

        Plaintiff brings claims against the named individual police officers and John Does for use of excessive force in violation of 42 U.S.C. § 1983, as well as claims for failure to intervene against the officers, and for negligent hiring, training, supervision against the City of New York.[1] Plaintiff also seeks to hold the City of New York and the New York City Police Department responsible for the individual defendants' actions under a theory of *respondeat superior.*

        As a threshold matter, because "a municipality cannot be held liable under § 1983 on

---

[1] Plaintiff withdrew his claim for malicious prosecution and false arrest. Plaintiff's Opposition to Defendants' Motion to Dismiss [hereinafter "Pl.'s Op."] [DI 40] at 23.

a *respondeat superior* theory," the Court dismisses all such claims against the City of New York.[2] As it a "non-suable" agency of the City, claims against the New York Police Department are also dismissed.[3]

"[A] partial response arguing that summary judgment should be denied as to some claims while not mentioning others may be deemed an abandonment of the unmentioned claims."[4] This is particularly true where, as here, the party is counseled, responded to the opposing party's proposed undisputed facts, asserted the evidence "raises genuine issues as to material facts arising from Plaintiff's" arrest, and then proceeded to argue why summary judgment should be denied only as to plaintiff's claim for excessive force and defendants' qualified immunity defense.[5] Abandonment is inferred also from plaintiff's conclusion that "Mr. Muhammad's claim of *unreasonable use of force* is an issue that should be decided by a jury," without mention of any other claim.[6] The Court concludes plaintiff intentionally has abandoned his claims of failure to intervene and of negligent hiring, training, supervision.[7] These claims therefore are dismissed.

Only the excessive force claim remains. Defendants contend that any force used was reasonable in the circumstances and that they are entitled to qualified immunity. The record reflects triable issues of fact as to the reasonableness of the force used against plaintiff on April 18, 2015.[8] This determination precludes a finding that the officers are entitled to qualified immunity as the

---

[2] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

[3] N.Y.C. Charter Ch. 17 § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law"); *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007).

[4] *Jackson v. Fed. Express*, 766 F.3d 189, 195 (2d Cir. 2014).

[5] *Id.* at 196-98.

[6] Pl.'s Op. at 23 (emphasis added).

[7] The Amended Complaint implies plaintiff may assert a claim for Equal Protection. Am. Compl. ¶¶ 70-71. Any such claim was also abandoned in plaintiff's brief, therefore dismissed.

[8] Examples include whether officers tackled plaintiff to the ground, whether plaintiff resisted arrest, and the circumstances under which plaintiff was injured. *See* Counterstatement to Defendants' Rule 56.1 Statement [DI 43] at ¶¶ 23-30. The arrest video does not clarify these disputes. *See* Declaration of Stephen M. Suhovsky [DI 35] Ex. I.

defense necessarily requires that there be no dispute that the officers acted reasonably.[9] Where, as here, "genuine, material, factual disputes overlap both the excessive force and qualified immunity issues, summary judgment must be denied."[10]

Defendants' motion for summary judgment dismissing the Amended Complaint [DI 19] is granted in all respects except that it is denied as to (1) plaintiff's claim for excessive force under 42 U.S.C. § 1983 and (2) the individual defendants' defense of qualified immunity.

SO ORDERED.

Dated: November 18, 2019

_____
Lewis A. Kaplan
United States District Judge

---

[9] "[A] decision dismissing a claim based on qualified immunity at the summary judgment stage may only be granted when a court finds that an official has met his or her burden demonstrating that no rational jury could conclude '(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.' *Coollick v. Hughes*, 699 F.3d 211, 219 (2d Cir. 2012) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). Whether defendants violated plaintiff's constitutional right to be free from excessive force relies on a determination that the officers acted reasonably. *See O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 37 (2d Cir. 2003) ("In Fourth Amendment unreasonable force cases, unlike in other cases, the qualified immunity inquiry is the same as the inquiry made on the merits.") (citation omitted).

[10] *Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 764 (2d Cir. 2003).